# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PIERRE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-266 RLW |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This removed matter is before the Court on Defendants Social Security Administration ("SSA") and Sarah J. Tucker's Motion to Dismiss for lack of subject-matter jurisdiction (ECF No. 5). Plaintiff has not responded to the motion and the time to do so has passed. The Court will grant the motion for the reasons below.

## Background and Facts

Plaintiff filed this action on February 10, 2023, in the Twenty-Second Judicial Circuit of the State of Missouri (St. Louis City), Case No. 2322-CC00297. Defendants SSA and Tucker removed the action to this Court on March 2, 2023, under 28 U.S.C. § 1442, commonly known as the federal-officer removal statute. (ECF No. 1).

Plaintiff sues the SSA, Unknown Bradley, Sarah J. Tucker, Unknown Gonzalez, and Jeff Ripley in their official and individual capacities for an alleged violation of Plaintiff's civil rights.[1] (ECF No. 2 at 4). Plaintiff asserts that he applied for Supplemental Security Income ("SSI") through the Social Security Administration in 2019. *Id.* at 5. He states that on July 8, 2019, he

---

[1] Plaintiff never served Defendants Unknown Bradley, Unknown Gonzalez, or Jeff Ripley.

received "a determination letter for a daily functional report to be filled out and returned in which was filled out and returned." *Id.* Plaintiff states that he called SSA repeatedly over the next six months and was told only that his case was "still pending." *Id.* Plaintiff alleges that despite his several medical issues—including depression, high blood pressure, bipolar disorder, prediabetes, vision issues, chest pain, enlarged pancreas, carpal tunnel, a fractured foot, severe headaches, and backpain—he "did not receive no [sic] evaluations from Disability Evaluations, Physical, Mental or any other of their Evaluation Doctors or their Physical, mental referral Appointment agencies." *Id.* (capitalization original). Plaintiff also asserts that he has prostate cancer, "gastroenterology disease," and heart disease. *Id.* at 6.

According to Plaintiff, the SSA denied his application after two years, four months, and 15 days. *Id.* Plaintiff asserts that he filed a Request for Recommendation "within the 60 days limit." *Id.* Plaintiff does not expressly state whether the SSA denied his Request for Recommendation but he asserts that "my Civil Rights was [sic] violated against all the above Defendants, (Official Workers) for misleading information, the rules and Regulations of Social Security Admn. personal oppression, mental, physical, pain, hardship on my everyday living exspences [sic] without due-process." *Id.* at 7 (capitalization original). Plaintiff seeks no more than $200,000 and no less than $100,000 in damages. *Id.* at 4.

## **Legal Standard**

Defendants move for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "In deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle by & through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citation omitted).

"The standard for a motion to dismiss under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1)." *Gist v. Centene Mgmt. Co., LLC*, No. 4:21CV562 RLW, 2021 WL 3487096, at *2 (E.D. Mo. Aug. 9, 2021).

Defendant's Motion to Dismiss constitutes a facial challenge because Defendants do not contest the facts or ask the Court to look beyond the pleadings. *See Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (stating that the Court "restricts itself to the face of the pleadings" in a facial attack and that the "complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). Thus, the Court must consider the standard for dismissal under Rule 12(b)(6). *Gist*, 2021 WL 3487096 at *2. "To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff is entitled to relief by alleging sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all factual allegations and construes all reasonable inferences in the light most favorable to the nonmoving party. *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 607 (2019). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Rather, legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id*. "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal

3

under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008).

## **Discussion**

Plaintiff asserts that Defendants violated his right to due process by providing misleading information and failing to follow appropriate SSA regulations. (ECF No. 2 at 7). Plaintiff does not seek modification or reversal of the SSA's final determination under 42 U.S.C. § 405(g). Recognizing that pro se filings are entitled to liberal construction[2], the Court construes Plaintiff's Complaint as a *Bivens* action—a claim for damages against a federal official for unconstitutional conduct. *See Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Plaintiff sues Defendant Tucker in her individual and official capacities. (ECF No. 2 at 4). A suit against a public employee in her official capacity is merely a suit against the public employer. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citation omitted). The Eighth Circuit has recognized that *Bivens* claims do not extend to federal agencies. *Sinclair v. Hawke*, 314 F.3d 934, 940 (8th Cir. 2003) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69 (2001)). Thus, the Court will grant Defendants' motion as to Plaintiff's claims against the SSA and Defendant Tucker in her official capacity.

As for Defendant Tucker in her individual capacity, the Eighth Circuit has found that Social Security claimants may not sue government officials under *Bivens* for alleged due process violations in denying or delaying benefits. *Id.* (citing *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988)). Thus, the Court will also grant Defendants' motion as to Plaintiff's claims against Defendant Tucker in her individual capacity.

---

[2] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is **GRANTED**. (ECF No. 8).

**IT IS FURTHER ORDERED** that Defendants SSA and Tucker's Motion to Dismiss for lack of subject-matter jurisdiction is **GRANTED**. (ECF No. 5).

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Appoint Counsel is **DENIED** as moot. (ECF No. 7).

An appropriate Order of Dismissal will accompany this Memorandum and Order.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of November, 2023.